**APPLICATION of APPAREL, INC.**
**Patent Appeal No. 7659.**

United States Court of Customs
and Patent Appeals.
Oct. 20, 1966.

F. M. deRosa for appellant.

Joseph Schimmel, Washington, D. C., (George C. Roeming, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH and ALMOND, Judges.

RICH, Judge.

This appeal is from the decision of the Trademark Trial and Appeal Board, 144 USPQ 330 (1964), affirming the rejection of application serial No. 102,178, filed August 8, 1960, to register, on the Principal Register, a composite mark consisting of the words "Peaches 'n' Cream" appearing over the skirt portion of what purports to be the outline of a child's dress. First use August 10, 1947, is alleged. The goods are "children's dresses."

The reference on which the application was rejected is a registration under the 1905 Act of a mark for "cotton piece goods, linen piece goods, and towelling," Reg. No. 177,366 of December 18, 1923. This registration, to The Carl Company, of Schenectady, N. Y., has been twice renewed and was republished under section 12(c) of the 1946 Act, and under the latter act an affidavit under section 8 has been accepted and an affidavit under section 15 filed. The registered mark is also a composite mark consisting of a rectangular picture showing a hand pouring cream from a pitcher into a dish of cut-up peaches partly submerged, beside which is a bowl of sugar and a half peach, the upper left portion of the rectangle being prominently occupied by the words "PEACHES and CREAM."

The examiner refused registration under section 2(d) on the ground of likelihood of confusion and wrote an extensive Answer fully explaining her reasons. The board affirmed in an opinion which approved the examiner's reasons and answered appellant's principal arguments.

■ Having fully considered appellant's arguments in this court, we find no fault with the board's decision and affirm it on the basis of the reasoning in its opinion.

■■ The only observation we would add to it is that where *likelihood* of confusion, mistake, or deception, is as clear as it is in this case—albeit that is admittedly a subjective judgment—we cannot agree with appellant that "the public interest and the rights of the parties are better served" by passing the application to publication in order to see whether the owner of the reference registration will oppose. Not only does the act impose on the Patent Office and on us the duty to make the subjective judgment but it is intended, we feel, to afford rights to registrants without constantly subjecting them to the financial and other burdens of opposition proceedings. Appellant has not made out the kind of a case in which we feel such a possible burden should be placed on the registrant. The earlier user and earlier registrant would be entitled to the benefit of any doubt on this score. But we have no doubt.[1]

The decision of the board is affirmed. Affirmed.

1. The writer's views as expressed in his concurring opinion in In re National Distillers & Chem. Corp., 297 F.2d 941, 49 CCPA 854 (1962) (the Merito case), strongly urged upon us in appellant's brief, are from such a very different context as not to be pertinent here.